EMMA SWAN, APPELLEE, v. LINCOLN TERMINAL COMPANY, APPELLANT.

FILED DECEMBER 26, 1918. No. 20868.

1. **Master and Servant:** RELEASE: AVOIDANCE: BURDEN OF PROOF. When the plaintiff in a suit under the employers' liability act has exe-

cuted a release in writing of all further claims for compensation, and received a consideration therefor, but seeks to avoid the release on the ground that it was obtained by fraud and deception, the burden is upon her to establish the fraud.

2. ———: ———: EVIDENCE. In such case, when the amount paid is but a trifling part of the amount for which defendant is liable, that fact may be considered, with other evidence, as tending to show unfair practice, that plaintiff has been overreached, and that the minds of the parties never met in the consummation of a valid and binding settlement.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE, *Affirmed*.

*F. M. Hall* and *H. W. Baird,* for appellant.

*J. C. McReynolds, contra.*

MORRISSEY, C. J.

Appeal from a judgment of the district court for Lancaster county in favor of plaintiff, in an action brought under chapter 35 (sections 3551-3696), Rev. St. 1913, as amended by section 127, ch. 85, Laws 1917, known as "Employers' Liability Act."

Plaintiff, while employed as a janitress, sustained a fracture of the right wrist. She immediately called upon the physician and surgeon of the surety company, which is defending in the name of the employer. The surgeon bandaged the arm, apparently without discovering the fracture, and without informing plaintiff of the true condition thereof. In due season plaintiff made application for, and was paid, compensation at the rate to which she was entitled under the statute—$6 a week.

Plaintiff was injured March 5, 1918. Compensation was paid to June 4, 1918, when she was paid $12, and executed a final release differing in form and phraseology from the receipts she had theretofore executed. This receipt was filed with, and approved by, the compensation commissioner. Defendant relies upon this release as a defense to this action. Plaintiff alleges that she was ignorant of its true import and meaning at the time of its execution, and that she was induced to sign

the same because of fraud practiced upon her by the agent of the surety company.

Defendant asserts that the settlement was made in good faith for a valuable consideration and with full knowledge on the part of plaintiff as to the contents of the receipt. There is no special complaint made of the amount of recovery, provided plaintiff is entitled to recover at all. The main question presented is: Will plaintiff be held to the terms of the receipt, or will the receipt be disregarded and she be permitted to recover notwithstanding its execution? Plaintiff suffered a severe and permanent injury. She was entitled to compensation for 150 weeks. There is a dispute between the parties as to the date the release was executed. The paper is dated June 4. Defendant claims it was executed the day it bears date. Plaintiff says it was signed one week later, but we do not regard this as material. There never was any dispute as to the amount she should receive per week. On one or two occasions she was given a check for one week's compensation and signed a receipt prepared and presented by the surety company. At other times she was paid two weeks' compensation and signed a receipt for the proper amount. The receipt relied upon is for $12. It differs somewhat in appearance from the other receipts she had signed, but the amount is the same as the amount named in one or two of the other receipts. She testifies that the agent led her to believe that she was signing a receipt for two weeks' compensation such as she had theretofore signed, while the agent testifies that he allowed her full compensation up to date of receipt, and, by way of compromise or inducement to make a full settlement, paid her for one additional week. The agent is corroborated to some extent by two disinterested witnesses who were present when the receipt was signed. Their testimony, however, is of such character that it is easy to believe that, having no interest in the matter, their recollection of what took place may be at fault. As

bearing upon the weight to be given plaintiff's story, it may be mentioned that at the signing of this release she said to the agent that she was about to leave the city to make a visit. Upon her return two or three weeks later she called upon the agent of the surety company in the usual way and demanded compensation as she had done before. She was then informed that she had made a complete settlement, and further payments were refused.

Considering the character of her injury, and that she was entitled to collect a total compensation of $900, while she received only $84, is it probable that she understood the nature of the receipt at the time of its execution? She was a woman of limited education, 56 years of age, engaged in hard labor, and not likely to examine the papers presented for her signature. This seems especially true when she had theretofore signed receipts for the weekly indemnities paid, and the amount received on this occasion was for no greater amount than that received on other occasions. The agent testified that he informed her that she was making a final settlement. Assuming that he spoke the words, it is not probable she comprehended their meaning, or the purport of the paper. If she did not, the minds of the parties never met in the consummation of a valid contract. *Perry v. Omaha Electric Light & Power Co.*, 99 Neb. 730.

Assuming that there was a valid consideration, the burden is on plaintiff to prove the fraud and deception alleged; but, in reaching a conclusion upon this issue, we must not only consider the statements made by the witnesses, but we must also consider the undisputed facts disclosed.

Upon a consideration of the whole record, we find that the judgment is fully supported, and it is

AFFIRMED.

LETTON and ROSE, JJ., not sitting.